## ARMSTRONG v. GADDIS, County Treasurer.

### No. 10350.

Court of Civil Appeals of Texas. San Antonio.

Nov. 30, 1938.

Rehearing Denied Jan. 4, 1939.

O. R. Armstrong, of El Paso, for appellant.

L. B. Cooper, of Cotulla, for appellee.

MURRAY, Justice.

Mrs. A. Y. Armstrong instituted this suit against H. P. Gaddis, County Treasurer of La Salle County and Ex-Officio Trustee of the La Salle County Water Improvement District No. 1. Dissolved, seeking to recover the value of the full performance of a certain contract·entered into by and between Mrs. Armstrong, on the one hand, and the Water District, on the other. The contract, for a specified "price or damages" authorized the Water Improvement District to go upon Mrs. Armstrong's land and construct a dam and other irrigation works. The construction of the dam was begun and continued for some nine months, and then abandoned, after doing considerable damage to the land by the digging of ditches, holes, etc. Mrs. Armstrong in the alternative asked for damages to her land.

The trial court denied recovery under the contract, on the theory that it was to be effective only in the event the dam was completed, but allowed a recovery on the alternative plea for damages in the sum of $2,098.00. Mrs. Armstrong has appealed.

Appellant in the opening paragraph of her argument states she has limited her appeal to assignments of error dealing only with the refusal of the trial court to award her the "price or damages" stipulated in the written contract. There is nothing in the appeal bond to indicate that this is a limited appeal, but, on the other hand, the appeal as determined by the appeal bond is from the judgment in toto. Appellant again in the final prayer of her brief makes it clear that she does not wish to disturb the judgment for damages in her favor.

It, therefore, becomes apparent that appellant is electing to retain all benefits under the judgment as rendered and is asking this Court to grant her further relief only in the event it can do so without disturbing the judgment for damages in her favor.

 We have examined the contentions made by appellant and have determined that both recoveries sought by appellant cannot stand. If appellant should recover the "price or damages" stipulated in the contract, she would not be entitled to any further damages to her land, and, on the other hand, if she recovers for the actual damages done to her land she could not also recover the "price or damages" stipulated in the contract. The two remedies are inconsistent.

Inasmuch as appellant has elected to retain all benefits derived from the judgment as rendered in the trial court, we will not further consider her propositions submitted upon the condition that we do not reverse the judgment awarding her actual damages.

The judgment below is affirmed.