MRS. A.Y. ARMSTRONG V. H. P. GADDIS, COUNTY TREASURER, ETC.

No. 7545. Decided November 20, 1940.
Rehearing overruled January 8, 1941.
(144 S. W., 2d Series, 539.)

O. R. *Armstrong,* of El Paso, for plaintiff in error.

The trial court erred in concluding that the written contract could not be construed under the law and the evidence to obligate the district to pay Mrs. Armstrong any of the sums of money therein specified as express or compensatory price of damages. Griffith v. Allison, 126 Texas 86, 96 S. W. (2d) 74; Golston v. Bartlett, 112 S. W. (2d) 1077; Callan v. Walters, 190 S. W. 829.

The contract constituted an executed sale of an easement which took effect immediately. Moss & Raley v. Wren, 102 Texas 567, 120 S. W. 847.

L. B. *Cooper,* of Cotulla, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error, Mrs. A. Y. Armstrong, instituted this suit in the District Court of LaSalle County against H. P.

Gaddis, County Treasurer and Ex-officio Trustee of the La-Salle County Water Improvement District Number One, which has been dissolved in the manner provided by law. The parties will be designated as in the trial court.

Plaintiff sought recovery of the sum of $10,000, alleged to be the contract price of certain easements claimed to have been conveyed by her to the Water Improvement District. In the alternative the pleading was sufficient to entitle plaintiff to recover the actual damages caused her land by reason of entry thereon, and work done in the matter of constructing a dam and reservoir, which was never completed.

In the trial court judgment was entered for plaintiff in the sum of $2098.00 as damages to plaintiff's land. She was denied a recovery as to what she terms the "contract price." It was the conclusion of the trial court that payment of the full sum of $10,000 was conditioned upon the building to completion of the dam and reservoir; and as same was never completed, plaintiff was remitted to the action for damages.

■ The Court of Civil Appeals concluded that plaintiff had elected to accept the benefits of the judgment to the extent of $2098.00, awarded her as damages, and was precluded from claiming error as to the "contract price." 122 S. W. (2d) 1115. Writ of error was granted upon an assignment questioning the correctness of this holding. Plaintiff expressly disaffirmed any attempt to seek a double recovery. As we construe her brief, she was merely attempting to assert on appeal that the trial court had erred in applying a wrong measure of compensation. Manifestly it was her purpose to have the judgment reformed, if the appellate court found the wrong measure had been applied; but if mistaken in this theory, then it was her purpose to have the judgment affirmed. We are therefore of the opinion that the Court of Civil Appeals erred in failing to consider her assignments relating to her right to recover upon the theory of contract price. Plaintiff's assignments upon this theory of the case present only a question of law. We are therefore authorized to consider them and dispose of the appeal.

■■ Plaintiff relied upon a contract in the form of a letter or communication made by her attorney, O. R. Armstrong, to the supervisors of the district March 23, 1929, and which was accepted by the supervisors April 8, 1929. The gist of plaintiff's whole contention is that this contract, considered as a whole, "unmistakably shows a contract of sale of an easement, which took effect immediately," and the sum of $10,000 which the district agreed to pay her was a consideration for the pur-

chase of this easement. We are inclined to the view that if this instrument had been executed by plaintiff, or by someone duly authorized to execute same for her, there would be some force in this contention. However, the proposition which was submitted to the supervisors of the district was signed "Mrs. A. Y. Armstrong, by O. R. Armstrong." No power of attorney authorizing O. R. Armstrong to bind plaintiff is shown. He appears to have been her son and represents her as attorney in this proceeding. It is evident, however, that he was representing her only in the capacity of an attorney-at-law, and not as an attorney in fact, with power to execute instruments of conveyance. We are, therefore, of the opinion that the instrument in question did not rise to the dignity of a conveyance of an easement. If by acceptance it became a contract, we think plaintiff's action for its breach was limited to one for damages. Unless it could be said that the amount stipulated as payments to be made to plaintiff were to be regarded as liquidated damages, then plaintiff's damages would be measured by just compensation for the injury to her lands. Without going into an extended discussion of the contract we express the opinion that the stipulated payments are not to be regarded as liquidated damages. To so hold would in effect amount to a holding that the instrument was an executed conveyance of an easement, which cannot be said to be true. Plaintiff manifestly will be adequately compensated by the judgment for the damages to her land.

For the reasons herein stated, the judgment of the Court of Civil Appeals affirming the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court November 20, 1940.

Rehearing overruled January 8, 1941.